**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT WILLIAMS,**<br>**#27876-298,**<br>**PETITIONER,** | §<br>§<br>§<br>§ | |
| **V.** | § | **CASE NO. 3:26-CV-3221-D-BK** |
| **WARDEN PATE FCI SEAGOVILLE,**<br>**RESPONDENT.** | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Robert William's petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Doc. 3. After careful consideration of the pleadings, the record, and the applicable law, the Court concludes the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

**I. BACKGROUND**

Williams, a federal prisoner at the FCI in Seagoville, Texas, challenges his detention by the Bureau of Prisons (BOP). Williams was convicted of receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B), and sentenced to 240 months' imprisonment on each count, to be served concurrently. *United States v. Williams*, No. 3:11-CR-

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

3529-BEN-1 (S.D. Cal. Nov. 19, 2012). Williams's conviction was affirmed on direct appeal. *United States v. Williams*, No. 12-50543 (9th Cir. Feb. 20, 2014). Williams's subsequent challenge of his conviction and sentence under 28 U.S.C. § 2255 was unsuccessful. *United States v. Williams*, No. 3:11-CR-3529-BEN-1 (S.D. Cal. Mar. 6, 2018).

In the instant habeas corpus petition, Williams pleads sovereign-citizen ideologies and alleges that he is entitled to immediate release. Doc. 3 at 1. He states that (1) he has served 220 months of his 240-month sentence, (2) he "is now a citizen of a foreign state" and entitled to "immunity" based on a certificate from the Texas Secretary of State, and (3) "further . . . confinement is a trespass" on his due process rights and amounts to a "taking of private property[.]" Doc. 3 at 1-2.

**II. ANALYSIS**

The Court lacks jurisdiction to review William's petition. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Under 28 U.S.C. § 2241, relief may be granted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). William's claims that he is not subject to the laws of the United States as a so-called "sovereign citizen" are antithetical to any assertion of relief under the United States Constitution.

In any event, courts have made clear that sovereign-citizen defenses have "no conceivable validity in American law...." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (summarily rejecting as frivolous "theories of individual sovereignty, immunity from

prosecution, and their ilk" and collecting cases). Federal courts have original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231. *See also United States v. Crawford*, No. 18-3149, 2022 WL 2712868, at *2 (3rd Cir. July 13, 2022) (noting federal courts "ha[ve] jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law" (citation omitted). Indeed, this Court has dismissed similar sovereign-citizen arguments as frivolous. *See, e.g.*, *Sullivan v. State of Texas*, No. 3:24-CV-1803-K-BK, 2024 WL 3798222, at *2 (N.D. Tex. July 18, 2024), *rec. adopted*, 2024 WL 3803024 (N.D. Tex. Aug. 13, 2024) (collecting cases and holding that "[n]o plaintiff or petitioner may discharge their debt, i.e., a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties or under the mantle of sovereign citizen.") (cleaned up) (citations omitted)).

**III. CONCLUSION**

The Court lacks jurisdiction over Williams' request for habeas relief. Therefore, his petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3).[2]

**SO RECOMMENDED** on October 15, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

[2] Because jurisdiction is lacking, the Court need not require compliance with the Court's filing requirements.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).